UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATHAN ATIKURRAHEMAN,

    Petitioner,

v.

MERRICK GARLAND, et al.,

    Respondent.

Case No. 2:24-cv-01256-DGE-TLF

ORDER TO SHOW CAUSE AND RENOTING MOTION TO DISMISS AND MOTION TO STAY

This is a 28 U.S.C. § 2241 immigration habeas corpus action. Dkt. 1. Petitioner is represented by counsel. Construed liberally, the Court understands petitioner's habeas petition to allege that there is no reasonable likelihood that his deportation will be effectuated in the reasonably foreseeable future; he asserts that his continued detention violates 8 U.S.C. § 1231(a)(6) and his due process rights. Dkt. 1. On September 27, 2024, the Government moved to dismiss the petition arguing that petitioner's detention is constitutional pending his removal. Dkt. 8. On October 18, 2024, petitioner filed a response stating that, based upon the Government's representation that petitioner had been moved from the Northwest Immigration Processing Center (NWIPC) to a facility in Arizona in anticipation of his removal to India, petitioner agreed the petition should be dismissed. Dkt. 11.

On October 24, 2024, the Government filed an unopposed motion to stay proceedings until ICE transfers the petitioner back to NWIPC. Dkt. 12. In their motion to

ORDER TO SHOW CAUSE AND RENOTING MOTION
TO DISMISS AND MOTION TO STAY - 1

stay, the Government indicates that petitioner is currently being detained at the Prairieland Detention Center in Texas. *Id.*

The Government indicates that ICE had transferred petitioner to that location from NWIPC on October 15, 2024, in anticipation that it would receive petitioner's Indian travel document by October 22, 2024, when they intended to put him on a charter flight to India. *Id.* However, the Government indicates that the travel documents had not been issued -- though the Indian Consulate indicates they are being processed -- and petitioner was not removed on that date. *Id.* The Government indicates they anticipate petitioner will be returned to the NWIPC while ICE awaits issuance of his travel document. *Id.* The Government indicates this "could" occur soon. *Id.*

The Government, citing *Doe v. Garland*, 109 F.4th 1188, 1197-99 (9th Cir. 2024) argues that the Court "currently lacks jurisdiction over [petitioner's] habeas claim because his detention is outside of this District." Dkt. 12. However, the Government argues the Court should stay the action until petitioner returns to the district.

Having considered the Government's motion to stay, the Court hereby ORDERS:

(1) Because the Government anticipates petitioner will at some point be returned to NWIPC, but it is unclear when this will be or how long petitioner will remain at the Prairieland Detention Facility, the Court orders petitioner and the Government to show cause whether the Court should transfer this case to the Northern District of Texas. *See, Doe v. Garland*, 109 F.4th 1188 (9th Cir. 2024). The parties should also address whether the Court has jurisdiction to stay this matter.

(2) Petitioner shall file a response to the Order to Show Cause <u>on or before November 22, 2024</u>. The Government is also ordered to file a response to the

Order to Show Cause, <u>on or before November 22, 2024</u>. The Clerk is directed to note the Order to Show Cause for **November 22, 2024**.

(3) The Clerk is directed to re-note the Government's motion to dismiss (Dkt. 8) and the Government's motion to stay (Dkt. 12) to **November 22, 2024**.

(4) The Clerk is directed to send a copy of this order to petitioner at NWIPC and at the Prairieland Detention Center and to provide a copy of this order to counsel for both petitioner and respondent.

Dated this 31st day of October, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge