UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATHAN ATIKURRAHEMAN,

                Petitioner,

v.

MERRICK GARLAND, et al.,

                Respondent.

Case No. 2:24-cv-01256-DGE-TLF

ORDER DENYING MOTION TO STAY AS MOOT AND RE-NOTING MOTION TO DISMISS

      This is a 28 U.S.C. § 2241 immigration habeas corpus action. Dkt. 1. Petitioner is represented by counsel. Construed liberally, the Court understands petitioner's habeas petition to allege that there is no reasonable likelihood that his deportation will be effectuated in the reasonably foreseeable future; he asserts that his continued detention violates 8 U.S.C. § 1231(a)(6) and his due process rights. Dkt. 1. On September 27, 2024, the Government moved to dismiss the petition arguing that petitioner's detention is constitutional pending his removal. Dkt. 8.

      On October 18, 2024, petitioner filed a response to the motion to dismiss stating that, based upon the Government's representation that petitioner had been moved from the Northwest ICE Processing Center (NWIPC) to a facility in Arizona in anticipation of his removal to India, petitioner agreed the petition should be dismissed. Dkt. 11.

      On October 24, 2024, the Government filed an unopposed motion to stay proceedings until ICE transferred the petitioner back to NWIPC. Dkt. 12. In their motion

to stay, the Government indicated that petitioner had been transferred and was being detained at the Prairieland Detention Center in Texas. *Id.* The Government indicated that ICE had transferred petitioner to that location from NWIPC on October 15, 2024, in anticipation that it would receive petitioner's Indian travel document by October 22, 2024, when they intended to put him on a charter flight to India. *Id.* However, the Government indicated that the travel documents had not been issued -- though the Indian Consulate indicated they are being processed -- and petitioner was not removed on that date. *Id.* The Government indicated they anticipate petitioner would be returned to the NWIPC while ICE awaits issuance of his travel document. *Id.*

The Government, citing *Doe v. Garland*, 109 F.4th 1188, 1197-99 (9th Cir. 2024) argued that the Court "currently lacks jurisdiction over [petitioner's] habeas claim because his detention is outside of this District." Dkt. 12. However, the Government argued the Court should stay the action until petitioner returned to the district. *Id.*

By order dated October 31, 2024, the Court ordered petitioner and the Government to show cause whether the Court should transfer this case to the Northern District of Texas. Dkt. 14. The Court also directed the parties to address whether the Court had jurisdiction to stay this matter. *Id.*

The Government subsequently filed a response to the Court's Order to Show Cause, stating that petitioner had been transferred back to NWIPC and that, therefore, the motion to stay was moot. Dkt. 15. The Government indicated that they would not oppose a request by petitioner to submit a new response to their motion to dismiss but requested that they be allowed to reply to a new response if filed. *Id.*

Petitioner's counsel also filed a combined response to the Court's Order to Show Cause and response to the Government's motion to dismiss. Dkt. 18.

Accordingly, the Court hereby ORDERS:

(1) The Government's motion to stay proceedings (Dkt. 12) is DENIED as moot.

(2) The Government is directed to file a reply to petitioner's response to the motion to dismiss (Dkt. 18) addressing the arguments raised therein by **January 10, 2025**. The motion to dismiss (Dkt. 8) is re-noted to **January 10, 2025**.

Dated this 19th day of December, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge